# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WENDELL DWAYNE O'NEAL, | Case No. 2:17-cv-03025-JAD-DJA |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| TERRI ALBERTSON, et al., | |
| Defendants. | |

Presently before the Court is pro se Plaintiff Wendell Dwayne O'Neal's application to proceed *in forma pauperis* (ECF No. 1), filed on December 8, 2017.[1] This matter is also before the Court on Plaintiff's Motion for Order (ECF No. 11), filed on April 11, 2019.

## I. *IN FORMA PAUPERIS* APPLICATION

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

## II. SCREENING COMPLAINT

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*,

---

[1] This matter was originally recommended for dismissal because Plaintiff was declared a vexatious litigant in another case in this district. The Ninth Circuit vacated the District Court's order to the extent it declared him to be a vexatious litigant. Therefore, the Court vacated it recommendation and this matter is now ripe for a decision. (ECF No. 10).

668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Further, a Court may dismiss a claim as factually frivolous if its allegations are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." D*enton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations and punctuation omitted). Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Here, Plaintiff submitted a complaint (ECF No. 1-1), amended complaint (ECF No. 3), and addendum to the amended complaint (ECF No. 4). As Plaintiff was not given leave to file an amended complaint or an addendum, the Court will only screen the original complaint. In general, Plaintiff appears to allege that the DMV's employees failed to take any action against Roadrunner Rentals, Inc. regarding its transport of California registered automobiles and sale of those automobiles via Craigslist. Plaintiff appears to allege that the Court has federal question jurisdiction as he attempts to state a due process violation via 42 U.S.C. § 1983. Section 1983

creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To the extent that Plaintiff is seeking to state a claim under Section 1983, he "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49. Plaintiff names a law firm, Lewis Brisbois, as a defendant, which is a private entity and not subject to a Section 1983 claim.

Further, Plaintiff appears to name the Nevada DMV and individual DMV employees as defendants. However, a municipal liability claim under Section 1983 proceeds only if a municipality causes a constitutional violation through a policy or custom. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1024–25 (9th Cir. 2008). Municipal entities may be held directly liable, but not on the basis of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 91 (1978). In other words, a municipality cannot be held liable only because it employs a person who allegedly violated the constitution. *Id.* at 691. "A plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal policy or custom that caused the plaintiff's injury." *Id.* (citation and internal quotation marks omitted). A municipal employer is not liable for the wrongful conduct of its employees and agents even if they are acting in the course and scope of their employment. *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Connick v. Thompson*, 563 U.S. 51, 60, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011) (explaining that to impose liability on a local government under § 1983, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury); *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1167–68 (9th Cir. 2014) (same). Plaintiff's amended complaint has not made the requisite showing. Although it is not clear that the deficiencies identified can be cured, the Court will allow Plaintiff an opportunity to file an amended complaint to the extent he believes that he can state a claim.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case, the defendant(s) involvement in the case, and the approximate dates of its involvement. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give defendants fair notice of his claims against them and his entitlement to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the complaint (ECF No. 1-1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

IT IS FURTHER ORDERED that plaintiff shall have until **November 18, 2019**, to file an amended complaint. Failure to file an amended complaint will result in a recommendation that this case be dismissed.

DATED: October 21, 2019

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE