# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WENDELL DWAYNE O'NEAL, | Case No. 2:17-cv-03025-JAD-DJA |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| TERRI ALBERTSON, et al., | |
| Defendants. | |

This matter is before the Court on pro se Plaintiff Wendell Dwayne O'Neal's Amended Complaint. (ECF No. 15). He was previously granted the ability to to proceed *in forma pauperis* and his Complaint was dismissed with leave to amend. (ECF No. 13). He timely filed an Amended Complaint, which the Court will now screen. Additionally, Plaintiff filed a Motion to Consolidate (ECF No. 16) on November 14, 2019, which requests consolidation of his later filed case in this District, Case No. 2:18-cv-1677-RFB-BNW.

## II. SCREENING THE AMENDED COMPLAINT

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts

| | in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Further, a Court may dismiss a claim as factually frivolous if its allegations are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." D*enton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations and punctuation omitted). Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In general, Plaintiff appears to allege that employees of the Nevada DMV concealed evidence of a fraud perpetrated on African American youth regarding rental cars that allegedly were offered for rent by Roadrunner, advertised on the website Craigslist and insured by Zurich. He also alleges that several attorneys and Zurich Insurance Company were involved in a conspiracy with the Nevada DMV employees due to their Jewish faith. He alleges that Defendants misrepresented the availability of liability insurance coverage for short-term leases of California rental cars in Las Vegas, Nevada. Plaintiff further alleges intricate facts regarding his grandchildren's involvement in a transaction with Roadrunner and his subsequent investigation of that transaction.

Plaintiff's Amended Complaint appears to attempt to assert the following claims: civil conspiracy claim, negligent concealment, and fraudulent concealment. His 18 page Amended

Complaint is replete with various accusations, and it is quite difficult to discern exactly what brings plaintiff into federal court. His complaint is rambling, nonsensical, filled with legal jargon, and with vague references to state and federal laws. Dismissal on those grounds alone is appropriate. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). Plaintiff's largely incomprehensible narrative makes it nearly impossible for the Court to identify if he can state a plausible claim. Indeed, the only possible federal cause of action is the civil conspiracy claim – to the extent that Plaintiff is attempting to assert one under RICO.

Although it is not clear that the deficiencies identified can be cured, the Court will allow Plaintiff an opportunity to file a second amended complaint to the extent he believes that he can state a claim. If Plaintiff chooses to file a second amended complaint, the document must be titled "Second Amended Complaint." The second amended complaint must contain a short and plain statement describing the underlying case, the defendant(s) involvement in the case, and the approximate dates of its involvement. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give defendants fair notice of his claims against them and his entitlement to relief.

Additionally, Plaintiff is advised that if he files a second amended complaint, the amended complaint no longer serves any function in this case. As such, the second amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's second amended complaint complete.

### III. CONSOLIDATION

Plaintiff requests that this case be consolidated with his later filed case, Case No. 2:18-cv-1677-RFB-BNW. It appears as though he re-filed the same allegations in a subsequent case while his objection to the prior recommended dismissal of this case was pending. As the two cases involve what appears to be the same parties, same allegations, and same claims, consolidation is

appropriate. Therefore, the Court recommends that the subsequent case be closed and consolidated into this case.

## ORDER

IT IS THEREFORE ORDERED that the Amended Complaint (ECF No. 15) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

IT IS FURTHER ORDERED that plaintiff shall have until **February 3, 2020**, to file a second amended complaint. Failure to file a second an amended complaint will result in a recommendation that this case be dismissed.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion to Consolidate (ECF No. 16) be granted and the Clerk of the Court close Case No. 2:18-cv-1677-RFB-BNW.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 15, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE