**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| WENDELL DWAYNE O'NEAL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TERRI ALBERTSON, et al.,<br><br>　　　　　　Defendants. | Case No. 2:17-cv-03025-JAD-DJA<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

　　　　This matter is before the Court on pro se Plaintiff Wendell Dwayne O'Neal's Second Amended Complaint, filed on February 26, 2020. (ECF No. 20). He was previously granted the ability to to proceed *in forma pauperis* and his Complaint was dismissed with leave to amend. (ECF No. 13). He timely filed an Amended Complaint, which the Court dismissed with leave to amend. (ECF No. 18). The Court will now screen his Second Amended Complaint. (ECF No. 20). Additionally, Plaintiff filed a Motion for Judicial Notice (ECF No. 21) on March 9, 2020.

**I.　　SCREENING THE SECOND AMENDED COMPLAINT**

　　　　Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts

1    in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908
2    (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

3          In considering whether the complaint is sufficient to state a claim, all allegations of material
4    fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*
5    *v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the
6    standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide
7    more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
8    A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Further, a Court may
9    dismiss a claim as factually frivolous if its allegations are "clearly baseless, a category
10   encompassing allegations that are fanciful, fantastic, and delusional." D*enton v. Hernandez*, 504
11   U.S. 25, 32–33 (1992) (internal citations and punctuation omitted). Unless it is clear the
12   complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given
13   leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United*
14   *States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations of a *pro se* complaint are held to less
15   stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342
16   & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly*
17   and *Iqbal*).

18         In the 66 pages of the Second Amended Complaint and exhibits, Plaintiff appears to allege
19   that employees of the Nevada DMV concealed evidence of a fraud perpetrated on African
20   American youth regarding rental cars that allegedly were offered for rent by Roadrunner,
21   advertised on the website Craigslist, and insured by Zurich. He also alleges that several attorneys
22   and Zurich Insurance Company were involved in a conspiracy with the Nevada DMV employees
23   due to their Jewish faith. He also alleges that the U.S. Attorney failed to properly train and
24   supervise FBI employees who could have prevented Zurich's attorneys from committing the
25   alleged fraud. Plaintiff further alleges that the Nevada Attorney General's office failed to enforce
26   state motor vehicle law that would have prevented Roadrunner from acting.

27         Plaintiff's Second Amended Complaint appears to attempt to assert some type of civil
28   conspiracy claim and unjust enrichment. His complaint is rambling, nonsensical, filled with legal

jargon, and with vague references to state and federal laws. Dismissal on those grounds alone is appropriate. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). Plaintiff's largely incomprehensible narrative makes it nearly impossible for the Court to identify if he can state a plausible claim.

Indeed, the only possible federal cause of action is a civil conspiracy claim to the extent that Plaintiff is attempting to assert one under RICO. However, his conspiracy appears to be based on his claim that he was not permitted to engage in self-employment, which does not fall within the law's protection. There are no other plausible federal causes of action over which the Court could exercise jurisdiction in this matter. As such, it will not screen the remaining state law allegations. The Court notes that Plaintiff includes in his Second Amended Complaint allegations that indicate he has already pursued his state law claims in state court. (ECF No. 20, p. 16). However, to the extent those claims were not exhausted, then he should be permitted to pursue his state law claims in state court. As this is the Second Amended Complaint, the Court has provided Plaintiff with multiple opportunities to cure the deficiencies identified. It is clear that this point that the deficiencies cannot be cured and this Court lacks jurisdiction over this matter so dismissal is appropriate. Therefore, the Court recommends that Plaintiff's Second Amended Complaint be dismissed and this case be closed.

## II.   JUDICIAL NOTICE

Plaintiff requests that the Court take judicial notice that Attorney General Aaron Ford received notification of this lawsuit. (ECF No. 21). It appears as though Plaintiff is actually seeking a summons and service on the Attorney General's office. However, given that the Court is recommending that this case not be permitted to proceed, it will deny his request for service and judicial notice of his filing is not warranted.

## **ORDER**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Judicial Notice (ECF No. 21) is **denied**.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiff's case be dismissed without prejudice to Plaintiff seeking relief in state court as this Court lacks subject matter jurisdiction.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 11, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE