UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Wendell Dwayne O'Neal,

    Plaintiff

v.

Terri Albertson, et al.,

    Defendants

Case No.: 2:17-cv-03025-JAD-DJA

**Order Adopting the Magistrate Judge's Recommendation to Dismiss Plaintiff's Second Amended Complaint, Denying the Motion to Consolidate, and Closing the Case**

[ECF Nos. 16, 18, 22]

Pro se and in forma pauperis plaintiff Wendell Dwayne O'Neal accuses Nevada DMV employees Terri Albertson, Marisa Hinton, and LaNesha Colston-Johnson; Zurich Insurance Company and Empire Fire & Marine Insurance Company Inc.; the law firms Lewis, Brisbois, Bisgaard & Smith LLP and Mannion, Gray, Uhl & Hill Co., LPA and their attorneys Bradley Marx and Cory Eichelberger; and the Nevada and U.S. Attorneys General of conspiring against him, largely because his relatives and their friends were denied insurance coverage after a car accident.[1] Another judge in this district has already dismissed O'Neal's initial coverage suit, which O'Neal unsuccessfully appealed to the Ninth Circuit.[2] Magistrate Judge Daniel J. Albregts screened this complaint under 28 U.S.C. § 1915(e) twice, first dismissing the complaint with leave to amend[3] and, after O'Neal amended his complaint, recommending that I dismiss the

---

[1] ECF No. 20 (second amended complaint).

[2] *See O'Neal v. Empire Fire and Marine Ins. Co.*, 735 Fed. Appx. 352, 353 (2018) (affirming the district court's dismissal of O'Neal's complaint under Federal Rule 12(b)(6) and vacating the district court's determination that O'Neal was a vexatious litigant), *affirming in part and vacating in part* Case No. 2:16-cv-2313, 2018 WL 1626031 (D. Nev. Apr. 4, 2018).

[3] ECF No. 18.

complaint without leave to amend because this court lacks subject-matter jurisdiction over O'Neal's claims.[4] The magistrate judge also recommends that I consolidate this case with a similar suit[5] that O'Neal initiated while this case was pending.[6] O'Neal objects to these recommendations.[7] I overrule O'Neal's objections in part: (1) I deny O'Neal's motion to consolidate, (2) I affirm the magistrate judge's first order dismissing the complaint with leave to amend, and (3) I adopt the recommendation to dismiss O'Neal's second amended complaint without leave to amend.

## Background

O'Neal's second amended complaint and accompanying exhibits are difficult, if not impossible, to parse. As best I can divine, O'Neal's suit stems from an automobile accident in which an underage driver associated with one of O'Neal's relatives drove a rental vehicle into a wall.[8] These individuals hired O'Neal to help them file their insurance claim for the accident, which was largely denied by Zurich and Empire Fire.[9] O'Neal litigated this coverage denial in federal court, where his complaint was dismissed with prejudice under Federal Rule 12(b)(6).[10] O'Neal now appears to allege that the Nevada DMV, through Albertson, Hinton, and Johnson-Colston; the Nevada and U.S. Attorneys General; both insurance companies; and two law firms

---

[4] ECF No. 22.

[5] *O'Neal v. Zurich Ins. Company Inc., et al.*, Case No. 2:18-cv-1677-RFB-BNW.

[6] ECF No. 18.

[7] ECF Nos. 19, 23.

[8] ECF No. 20-1 at 9–11, 18.

[9] *Id.* at 12, 18–19. O'Neal attaches a letter from Zurich Insurance, which appears to have offered roughly $900 to settle the claim. *See id.* at 19.

[10] *See* 735 Fed. Appx. at 353.

and their attorneys have conspired against him, depriving him of his constitutional rights and violating various state laws.[11]

O'Neal describes a vast and largely unintelligible conspiracy. He appears to assert that the Nevada DMV's office and Nevada Attorney General failed to enforce state motor-vehicle laws that would require rental-car companies to carry certain kinds of insurance.[12] He also claims that the U.S. Attorney General and the Nevada FBI failed to prevent Zurich's allegedly fraudulent adjustment of his claims, breaching their respective duties to train and supervise their employees.[13] O'Neal maintains that these acts interfered with his "civil rights to self-employment."[14] These allegations are interwoven with his description of, and complaints about, his prior proceedings in federal court, where he was briefly declared a vexatious litigant.[15] O'Neal also appears to assert that I or his prior federal judge should resolve allegedly pending motions in that closed case.[16]

The magistrate judge screened O'Neal's claims twice under 28 U.S.C. § 1915(e)(2), first dismissing them with leave to amend[17] and, after O'Neal amended the complaint, recommending I dismiss without leave to amend because O'Neal still fails to plausibly allege a federal cause of action.[18] The magistrate judge also recommends, on O'Neal's motion, that I consolidate this

---

[11] O'Neal's amended complaint blamed this conspiracy on those defendants' purportedly shared, Jewish belief. ECF No. 15 at ¶ 8.
[12] ECF No. 20 at ¶¶ 9–11.
[13] *Id.* at ¶ 15.
[14] *Id.* at ¶ 20.
[15] *Id.* at ¶¶ 47–57.
[16] *Id.* at ¶¶ 49, 53, 55.
[17] ECF No. 18.
[18] ECF No. 22.

action with a second suit O'Neal filed in this district, Case No. 2:18-cv-1677-RFB-BNW.[19] O'Neal's objections to the magistrate judge's order and recommendations ignore their substance.[20] Instead, he asserts that I cannot dismiss or consolidate his complaints until certain, allegedly pending motions are resolved in his prior, dismissed suit.[21]

**Discussion**

**A.    Standard of review**

Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge "to hear and determine any pretrial matter pending before the court," except, in relevant part, a motion "to dismiss for failure to state a claim upon which relief can be granted" and to "involuntarily dismiss an action."[22] For those motions excepted by the statute, a judge may designate a magistrate judge to provide "proposed findings of fact and recommendations" for those motions' disposition.[23] When a party objects to the recommendations provided by the magistrate judge, the district judge must review those findings de novo.[24] Under the Local Rules, "the district judge may affirm, reverse, or modify, in whole or in part" a magistrate

---

[19] ECF No. 18.

[20] ECF Nos. 19, 23.

[21] *See, e.g.*, ECF No. 19 at 1 ("Magistrate Albregts improperly decided motion to consolidate cases against *Zurich Insurance Company* and *DMV Director Albertson* where pleading requested Magistrate Weksler's determination that *Empire Fire* defaulted after failure to answer the operative third complaint as ordered by Magistrate Hoffman.") (citing pleadings in the closed action, Case No. 2:16-cv-02313-JCM); ECF No. 23 at 4 ("Magistrate Albregt's [sic] basis for case to proceed before state court is clearly unreasonable where federal court has exclusive jurisdiction to determine Zurich improperly proceeded after default according to Magistrate Hoffman's order dated 05/04/2017.  Plaintiff could not present the foregoing claim until after Ninth Circuit and Chief Judge Navarro permitted.") (citations omitted).

[22] 28 U.S.C. § 636(b)(1)(A).

[23] *Id.* at § 636(b)(1)(B).

[24] *Id.* at § 636(b)(1)(C).

4

judge's order or report and recommendations.[25]  I review the magistrate judge's recommendations de novo.

**B.     O'Neal's motion to consolidate**

Federal Rule 42 permits a court to consolidate actions that "involve a common question of law or fact."[26]  Though the magistrate judge astutely points out the significant overlap between this action and O'Neal's other pending case in this district, Case No. 2:18-cv-01677-RFB-BNW, there are different defendants and allegations in the second action, and the disparate postures of the cases today would eclipse any benefit that consolidation might have afforded when the magistrate judge recommended consolidation.[27]  So I reject the magistrate judge's recommendation to consolidate the suits and deny O'Neal's consolidation motion.

**C.     O'Neal's second amended complaint**

Federal law requires courts to review and dismiss complaints brought by § 1915 litigants that are "frivolous or malicious," "fail[] to state a claim on which relief may be granted," or "seek[] monetary relief against a defendant who is immune from such relief."[28]  Section 1915(e)'s frivolous-claims standard is distinct from its failure-to-state-a-claim standard.[29]

---

[25] L.R. IB 3-1(b), 3-2(b).

[26] Fed. R. Civ. P. 42(a).

[27] For example, a pending motion in the later-filed case, *see* ECF No. 17 in 2:18-cv-01677-RFB-BNW, suggests that one of the additional defendants in that case (Roadrunner Auto Group Inc) is a central target of that action.

[28] 28 U.S.C. § 1915(e)(2)(b)(i)–(iii).

[29] *Neitzke v. Williams*, 490 U.S. 319, 320 (1989), *superseded on other grounds by statute as stated in Bahrampour v. Sec'y of Air Force*, 794 Fed. Appx. 802, 803 (10th Cir. 2020).

5

Section 1915(e)'s failure-to-state-a-claim standard "is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim"[30] and requires a properly pled complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[31] While Federal Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[32] "Factual allegations must be enough to rise above the speculative level."[33] To survive a motion to dismiss, a complaint must "contain enough facts to state a claim to relief that is plausible on its face."[34]

Section 1915(e)'s "frivolous" pleading standard requires dismissal when a complaint "lacks an arguable basis either in law or in fact."[35] Unlike Federal Rule 12(b)(6), § 1915(e) accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[36] The court need not accept all well-pled allegations as true, but must instead assess whether plaintiff's allegations are "clearly baseless," "fanciful," "fantastic," or "delusional."[37] Unless it is absolutely clear that no

---

[30] *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing generally *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)).

[31] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[33] *Twombly*, 550 U.S. at 555.

[34] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

[35] *Neitzke*, 490 U.S. at 325.

[36] *Id.* at 327.

[37] *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Nietzke*, 490 U.S. at 325–28) (internal quotation marks omitted).

amendment can cure the defect, a pro se litigant proceeding in forma pauperis is entitled to an opportunity to amend the complaint before dismissal.[38]

### 1.     Subject-matter jurisdiction

"Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."[39]  District courts have limited, original jurisdiction over all civil actions: (1) "arising under the Constitution, laws, or treaties of the United States"[40] or (2) "where the matter in controversy exceeds the sum or value of 75,000, exclusive of interest and costs, and is between . . . citizens of different States."[41]  O'Neal's complaint does not clearly state the basis for this court's subject-matter jurisdiction.  While he cites 28 U.S.C. § 1331, he describes § 1332(a)(1). [42]  His allegations support neither.

####      *a.     Diversity jurisdiction*

O'Neal's allegations are insufficient to support diversity jurisdiction.  O'Neal does not establish the citizenship of the parties at the time of suit.  Citizenship is "not equivalent" to residency: "a 'natural person's state citizenship is [] determined by her state of domicile, not her

---

[38] *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

[39] *Iqbal*, 556 U.S. at 671 (2009); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[Courts] have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

[40] 28 U.S.C. § 1331.

[41] 28 U.S.C. § 1332(a)(1).

[42] ECF No. 20 at ¶ 1 n.2.

state of residence.'"[43] O'Neal asserts that he "currently resides in Alabama"[44] and his prior complaint stated that he "resided in Las Vegas[,] Nevada at all relevant times to herein [c]omplaint."[45] O'Neal also alleges that all defendants "reside or are employed in Nevada."[46] Absent allegations regarding the citizenship of the parties "at the time" the action was brought,[47] I cannot determine whether there is complete diversity of citizenship between the parties.

Even if O'Neal had pled complete diversity, his damages allegations do not plausibly exceed the $75,000 threshold to sustain jurisdiction in this court. While the amount-in-controversy requirement may be satisfied by plaintiff's full claims for damages, including attorney's fees and punitive damages,[48] the mere possibility of a punitive-damages award is not sufficient to prove that the amount in controversy has been met.[49] O'Neal claims that he is owed $1,000,500[50] in punitive damages, but does not explain how the conduct that he describes in this complaint supports such an award. Instead, O'Neal asserts that his relatives were wrongfully denied insurance coverage, that he was forced to expend resources and "commute through mass

---

[43] *Ehrman v. Cox Commc'n, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (quoting *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)) (alterations in original). The Ninth Circuit has not yet addressed whether "a person's residence [is] prima facie evidence of the person's domicile." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *see also Ehrman*, 932 F.3d at 1228 (declining to address "whether allegations of a party's residency constitutes prima facie evidence of that party's domicile").

[44] ECF No. 20 at ¶ 2.

[45] ECF No. 15 at ¶ 1.

[46] ECF No. 20 at ¶ 2.

[47] *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004).

[48] *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

[49] *Cf. Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (reasoning, in the removal context, that jurisdiction can be established by "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidence of the amount may be required when "the court questions" the allegations).

[50] ECF No. 20 at 30.

transit" to litigate his prior suit, and that "[d]efendants unjustly enriched themselves by obtaining [his] client 'work product'" when he sued them before.[51]  Even if true, these damages are not available for his current suit, which alleges conspiracy; they appear tied entirely to his prior, dismissed action.  O'Neal provides no state-law basis to award punitive damages and, in exercising my obligation to "pierce the veil of the complaint's factual allegations,"[52] I hold that the amount-in-controversy threshold was not and cannot be met.

### b. *Federal-question jurisdiction*

Federal courts may exercise federal-question jurisdiction over an action if a "federal right or immunity" is an "essential" element of the plaintiff's cause of action or if a "state-law claim "necessarily raise[s] a stated" and "substantial" "federal issue."[53]  While O'Neal's discursive 33-page complaint is rife with citations to state and federal statutes, the basis for his two causes of action is unclear.[54]  As best I can determine, he alleges that defendants "acted in concert" to "deny [his] civil rights" by failing to enforce state laws requiring rental-car companies to carry insurance, in violation of 42 U.S.C. §§ 1983, 1985(3), and 1986.[55]  To establish a § 1983 claim, a plaintiff must demonstrate that a person acting under color of state law deprived him of rights,

---

[51] *Id.* at 30–32.

[52] *Nietzke*, 490 U.S. at 327.

[53] *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (internal quotation marks and citations omitted) (alteration in original).

[54] *See* ECF No. 20 at 5, 22; *see also id.* at ¶ 9 n.2 (citing NRS 481.048, 485.130, 485.185, 485.300), ¶ 19 n.11 (citing "USCA 14, 5, 1"; 42 U.S.C. § 1985(3); Fed. R. Civ. P. "55(a)(b)", "15(a)(c)(d)", "12(a)(b)", "Nev. Const. Article I, § 8"; NRS 485.305, 485.190, 34.190, "34.185(1)(2)").

[55] *See id.* at ¶¶ 14, 16, 39 n.22.

privileges, or immunities secured by the Constitution.[56] Absent a valid claim under § 1983, O'Neal cannot allege claims under §§ 1985 or 1986.[57]

O'Neal's § 1983 claim, and subsequent §§ 1985 and 1986 claims, are insufficiently plead. While O'Neal asserts that he was deprived of his First, Fifth, and Fourteenth Amendment rights, he does not substantiate those allegations and instead submits a mélange of legal terms and phrases for my consideration.[58] Absent factual allegations showing a specific deprivation of federal rights, O'Neal's claims cannot proceed.[59] O'Neal's assertion that the Nevada DMV failed to enforce its own regulations governing insurance coverage is similarly not actionable under § 1983 because O'Neal fails to show that those regulations implicate a federal right.[60] And to the extent that O'Neal's claims are predicated on selective or insufficient enforcement

---

[56] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[57] *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1177 (9th Cir. 1989), *cert. denied*, 493 U.S. 817 (1989) (noting that it is well-stablished there can be no § 1985 claim in the absence of a § 1983 claim); *see also Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) ("The absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations.") (citation omitted); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985.") (citing *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985)).

[58] *See, e.g.*, ECF No. 20 at ¶ 20 ("Federal and Nevada constitutions provide for Plaintiff to make and enforce contractual agreements with MVA clients as a means of self-employment as set forth within Averments 9–18. Moreover, federal and state laws prohibit defendant's [sic] agreements to prevent Plaintiff from complaining *Roadrunner* employees defrauded clients through Craigslist in Las Vegas as set forth within Averments 9–19. Id. [sic] Albertson denied Plaintiff's civil rights to self-employment as a legal administrator for MVA clients by refusal to enforce unlicensed lease of automobiles against Roadrunner after Attorney Eichelberger warned Johnson-Colston against producing evidence because federal district court issued a protective order as more fully set forth above and below.").

[59] *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

[60] *C.f. Myron v. Terhune*, 476 F.3d 716, 718–19 (9th Cir. 2007) (reasoning that the violation of a state regulation where no federal right is implicated is not remediable under section 1983).

10

under the equal protection clause, O'Neal has failed to demonstrate that "enforcement had a discriminatory intent" or was "motivated by a discriminatory purpose."[61]

     Not only are O'Neal's federal claims insufficiently pled under Federal Rule 12(b)(6), but they fall squarely within § 1915(e)'s "frivolous" pleading standard.[62] In his amended complaint, O'Neal leans heavily on the unsupported proposition that Eichelberger, Albertson, and Hinton conspired to deprive him of his rights because they are Jewish.[63] His second amended complaint swaps these allegations with long ramblings about proceedings involving similar allegations in his prior, dismissed action.[64] For example, O'Neal complains that he "had no opportunity to complain because [the presiding judge] dismissed an inoperative pleading"[65] and describes the various vexatious-litigant motions brought against him in federal court.[66] Taken together, O'Neal's allegations are the exact type of "fantastic or delusional scenarios" § 1915 was designed to weed out, so as to avoid the "waste of judicial and private resources."[67] Accordingly, I find that O'Neal does not and cannot allege a federal violation that would give this court subject-matter jurisdiction to adjudicate his case.

---

[61] *Rosenbaum v. City and Cnty. of San Francisco*, 484 F.3d 1142, 1152–53 (9th Cir. 2007).

[62] *Nietzke*, 490 U.S. at 327.

[63] *See* ECF No. 15 at ¶ 8.

[64] *See, e.g.*, ECF No. 20 at ¶¶ 47–57; *see also O'Neal*, 2018 WL 1626031, at *2, *aff'd in part, vacated in part* 735 Fed. Appx. 352 (9th Cir. 2018); *O'Neal v. Empire Fire and Marine Ins. Co.*, 2017 WL 4638226, *1–2 (D. Nev. Oct. 13, 2017) ("Plaintiff's fourth amended complaint, which is filed *pro se* and includes pages upon pages of irrelevant information, is impossible to understand or follow . . . . [and] alleges that defendants improperly denied insurance claims that plaintiff submitted on behalf of non-parties.").

[65] ECF No. 20 at ¶ 18.

[66] *Id.* at ¶ 49.

[67] *Neitzke*, 490 U.S. at 327–28.

### 2. Dismissal

Section 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."[68] If it does not appear possible that defects in the pleading could be corrected, the complaint should be dismissed without leave to amend.[69] O'Neal has had multiple opportunities to amend his complaint with court-provided instructions about its deficiencies,[70] and the jurisdictional defects I've identified here cannot be cured. So I dismiss O'Neal's complaint with prejudice because this court lacks subject-matter jurisdiction. I do not address whether O'Neal could seek relief in state court for his state-law claims as I would exercise my discretion to decline supplemental jurisdiction over them.

### Conclusion

IT IS THEREFORE ORDERED that O'Neal's objection to the magistrate judge's recommendation that I consolidate this action with his later filed case, Case No. 2:18-cv-1677-RFB-BNW, and his objection to the magistrate judge's order dismissing his complaint with leave to amend **[ECF No. 19] are OVERRULED IN PART.** The magistrate judge's recommendation and order **[ECF No. 18] is AFFIRMED IN PART and DENIED IN PART**: O'Neal's motion to consolidate the actions **[ECF No. 16] is DENIED**, and the order dismissing O'Neal's complaint with leave to amend is **AFFIRMED.**

IT IS FURTHER ORDERED that O'Neal's objection to the magistrate judge's recommendation that I dismiss his second amended complaint **[ECF No. 23] is OVERRULED**, and the magistrate judge's recommendation **[ECF No. 22] is ADOPTED.** This action is

---

[68] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

[69] *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 701 (9th Cir. 2000).

[70] *See* ECF Nos. 13, 18.

**DISMISSED with prejudice**, and the Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.[71]

Dated: September 10, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[71] O'Neal's requests for judicial notice [ECF Nos. 21, 24] are denied as moot because this court lacks jurisdiction to resolve his claims.